## THE CRAMP.

### O'BRIEN v. THE CRAMP.

(District Court, E. D. Pennsylvania. January 3, 1898.)

#### No. 54.

SEAMEN'S WAGES—REFUSAL TO HANDLE CARGO—SHIPPING ARTICLES.
  There is no custom exempting the crew from the duty of handling cargo when it consists of ice, in the absence of an express stipulation in the shipping articles.

This was a libel in rem by O'Brien and others against the Cramp to recover seamen's wages.

Jos. Hill Brinton, for libelant.
Horace L. Cheyney, for respondent.

BUTLER, District Judge. It is to be regretted that the libelants did not accept the money paid into court on their account. It seems to be all they are justly entitled to. Had they been suing at their own expense it is probable they would have accepted it. Unnecessary litigation at the public expense, which not unfrequently occurs, should be discouraged. The libelants, according to the libel and answer, were discharged from service because they refused to "handle cargo." It is the duty of the crew, generally, to perform this service. The articles signed, which are the evidence of the contract, are in the usual terms, and silent respecting the service in question. Without more, it is clear that the libelants were subject to the service. They testify, however, that it was distinctly agreed before they signed or when they signed that they were not to "handle cargo." They support each other in this statement. The statement, however, is not consistent with their conduct afterwards, or with the statements of the libel. They did not pretend to a recollection of such an agreement until called to testify, but thought the articles did not specify this service, and were uncertain about that. To justify a qualification of the articles respecting the subject the testimony should be clear. The written evidence of the contract should prevail except when fraud or mistake is shown. The evidence does not satisfy me that by custom the crew is exempt

from the duty to "handle cargo" where it consists of ice, unless such duty is expressly mentioned in the articles.

I need not decide whether the respondent's offer, or tender, before the commissioner, was sufficient to relieve him of subsequent costs. What he paid into court, the libelants were entitled to take out; it could only be paid in for them, and it is only because of such an unconditional tender that he is relieved as respects future costs. The libel is sustained to the extent of the money paid into court, and to this extent only.

A decree may be prepared accordingly.